STEANE, HARTMAN & CO., Inc., v. MAYER et al.

(Supreme Court, Appellate Term, First Department. June 3, 1914.)

SALES (§ 359*)—ACTION FOR PRICE—EVIDENCE—FINDINGS.

In a suit on a note given for the price of goods sold and delivered by plaintiff to M. & Co., and signed by M. as a member of the firm, evidence *held* to require a finding that the goods were sold and delivered by plaintiff for and at the request of defendant firm, and that the note sued on was signed by M. on behalf of defendants, and not for another concern of the same name.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Steane, Hartman & Co., Incorporated, against Daniel A. Mayer and others, doing business as Mayer & Co. From a judgment

in favor of defendants, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued May term, 1914, before GUY, BIJUR, and PENDLE-TON, JJ.

Hartman & Levy, of New York City (Hugo Levy, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondents.

GUY, J.   Plaintiff appeals from a judgment entered upon the verdict of a jury in favor of defendants in an action on a promissory note given in payment for goods sold and delivered by plaintiff to the firm of Mayer & Co. and signed by the defendant Mayer as a member of said firm. The defendants introduced evidence to the effect that there were two firms of the same name, Mayer & Co., doing business at the same place, one firm composed of the several defendants, and the other firm consisting of one Simpson, doing business under said firm name, and that the transaction in question was for the latter firm, and not for the firm composed of the defendants.

Plaintiff's witness testified that plaintiff had previous transactions with the defendant firm, that plaintiff had never been informed of the existence of Simpson, and that in the particular transaction in which the note was given defendant Mayer urged that certain terms should be agreed upon to satisfy his partner, Mr. Rich, one of the defendants. It is convincingly established by the evidence that the goods sold and delivered by plaintiff were for and at the request of the defendant firm, and that the note sued upon was signed by defendant Mayer on behalf of the defendant firm, and given to plaintiff in part payment of a debt owed by defendant firm to plaintiff.

The verdict is entirely against the weight of evidence, and must be reversed, with costs, and judgment directed in favor of plaintiff for the amount of the note and costs.

PENDLETON, J., concurs.

BIJUR, J.   I dissent.   It may be that the jury was partly misled by the quantity of immaterial evidence introduced in this case, but apparently all of it was so introduced without objection, except in one or two instances, when it was over objections which were not properly taken. Substantially no exception was taken by plaintiff to the charge of the court below, and practically every request to charge proffered by plaintiff was granted. With a bare question of fact presented to the jury, I do not find that the verdict was against the weight of evidence.